# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WHITNEY LEFEW MEDICH,

    Plaintiff,

v.

                              CASE NO.:

SANTANDER CONSUMER USA, INC.,

    Defendant.
_____/

## COMPLAINT

1. Unwanted "Robocalls" are the #1 consumer complaint in America today.

2. The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number was 3,401,614 2016 and in 2017 it was 4,501,967.[1]

3. Santander Consumer USA, Inc. robocalled the Plaintiff a mindboggling 600 times.

4. Santander Consumer USA, Inc. has a corporate policy to robocall people thousands of times.

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm*

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years

*Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014).  Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6.	Plaintiff, Whitney Lefew Medich, alleges Defendant, Santander Consumer USA, Inc., robocalled her more than 600 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

7.	Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8.	The TCPA was enacted to prevent companies like Santander Consumer USA, Inc. from invading American citizens' privacy and prevent illegal robocalls.

9.	Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10. According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

11. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12. Violations described in the Complaint occurred while Plaintiff was in Valrico, Florida.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person and citizen of the State of FL, residing in Valrico, Florida.

14. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

15. Plaintiff is an "alleged debtor."

16. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

17. Defendant is a corporation with its principal place of business in Dallas, Texas, and conducts business in the State of Florida.

18. Defendant is a "creditor" as defined by Florida Statute § 559.55(5).

19. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

20. Plaintiff is the regular user and carrier of cellular telephone number, (813) 966-8395.

21. Plaintiff is the subscriber of cellular telephone number, (813) 410-5544, which is carried by Plaintiff's minor daughter to be used in case of emergencies.

22. Plaintiff was the "called party" during each phone call subject to this lawsuit.

23. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass. Such harassment includes, but is not limited to Defendant telling the Plaintiff that they did not care if she was homeless or could not provide food for family, they just wanted the money.

24. Defendant did not have the "express consent" of the Plaintiff to call her cell phone, (813) 966-8395.

25. Defendant did not have the "express consent" of the Plaintiff to call cell phone, (813) 410-5544.

26. "Express consent" is narrowly construed by the Courts.

27. It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phones using an "automatic telephone dialing system" (ATDS).

28. It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phones using an ATDS for each account they were calling on.

29. Defendant was put on notice Plaintiff did not want the Defendant contacting her.

30. In or about January of 2017, Plaintiff began receiving calls from the Defendant in an attempt to collect a debt. Plaintiff told the Defendant that she was paying regularly on the loan on her car, could not pay her entire bill each month, would continue to pay as much as possible as often as possible, and requested that the Defendant stop calling her. Plaintiff was told by the Defendant that the calls would continue until all payments were current.

31. In or about March of 2019, Plaintiff's minor daughter began receiving calls from the Defendant at the cell phone number on Plaintiff's account, (813) 410-5544. The Defendant has been calling the Plaintiff's minor daughter approximately two times per day since March of 2019. The Plaintiff has never authorized the Defendant to call her minor daughter.

32. Plaintiff continues to make payments to the best of her ability and on a regular basis to the Defendant.

33. Defendant did not have the express consent of the Plaintiff to call her on the accounts they called her on.

34. Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

35. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

36. Defendant made at least one call to (813) 966-8395.

37. Defendant made at least one call to (813) 410-5544.

38. Defendant made at least one call to (813) 966-8395 using an ATDS.

39. Defendant made at least one call (813) 410-5544 using an ATDS

40. Defendant made at least fifty (50) calls to (813) 966-8395.

41. Defendant made at least fifty (50) calls to (813) 410-5544.

42. Defendant made at least fifty (50) calls to (813) 966-8395 using an ATDS.

43. Defendant made at least fifty (50) calls to (813) 410-5544 using an ATDS.

44. Defendant made at least one hundred (100) calls to (813) 966-8395.

45. Defendant made at least one hundred (100) calls to (813) 410-5544.

46. Defendant made at least one hundred (100) calls to (813) 966-8395 using an ATDS.

47. Defendant made at least one hundred (100) calls (813) 410-5544 using an ATDS.

48. Defendant made at least two hundred (200) calls to (813) 966-8395.

49. Defendant made at least two hundred (200) calls to (813) 966-8395 using an ATDS.

50. Defendant made at least three hundred (300) calls to (813) 966-8395.

51. Defendant made at least three hundred (300) calls to (813) 966-8395 using an ATDS.

52. Defendant made at least four hundred (400) calls to (813) 966-8395.

53. Defendant made at least four hundred (400) calls to (813) 966-8395 using an ATDS.

54. Defendant made at least five hundred (500) calls to (813) 966-8395.

55. Defendant made at least five hundred (500) calls to (813) 966-8395 using an ATDS.

56. Defendant made at least six hundred (600) calls to (813) 966-8395.

57. Defendant made at least six hundred (600) calls to (813) 966-8395 using an ATDS.

58. Each call the Defendant made to (813) 966-8395 and (813) 410-5544 in the last four years was made using an ATDS.

59. Each call the Defendant made to the Plaintiff's cell phones were done so without the "express permission" of the Plaintiff.

60. Defendant has called other people's cell phones without their express consent.

61. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

62. The calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A). Defendant placed numerous "prerecorded voice" messages to the Plaintiff. An example of one "prerecorded voice" message left for the Plaintiff by the Defendant states as follows:

> "Hello. This is Santander Consumer, USA. Please contact our Servicing department using our toll-free number at 1-888-222-4227. Again our toll free number is 1-888-222-4227. You may also access your account online at myaccount.santanderconsumerusa.com. Santander Consumer, USA appreciates your prompt response. This is a recording."

63. Plaintiff repeatedly requested the Defendant to stop calling, however, the Defendant continued to make calls.

64. Defendant has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

65. Defendant has admitted to calling cell phones using an ATDS without the prior express consent of the receipient of the calls.

66. Plaintiff's conversations with the Defendant putting them on notice that they did not want more phone calls were ignored.

67. Defendant has recorded at least one conversation with the Plaintiff.

68. Defendant has recorded numerous conversations with the Plaintiff.

69. Defendant has made approximately six hundred (600) calls to Plaintiff's aforementioned cellular telephone number since in or about January of 2017 which will be established exactly once Defendant turns over their dialer records.

70. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

71. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

72. By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

73. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephones and cellular telephone lines, by intruding upon Plaintiff's seclusion.

74. Defendant's phone calls harmed Plaintiff by wasting her time.

75. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephones, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

76. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

77. Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular numbers removed from the call list.

78. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

79. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 309 times since 2015. (According to pacer.gov in April of 2019).

80. In the last 3 years, the Defendant has had 1,947 complaints reported to the Better Business Bureau (BBB), of which 950 of those complaints are classified as being related to "Billing/Collection Issues." (According to bbb.org in April of 2019).

81. Since April of 2015, Defendant has had 55 complaints classified under "communications tactics" filed against it with the Consumer Financial Protection Bureau. (According to cfpb.gov in April of 2019).

82. Plaintiff expressly revoked any consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephones by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

83. Defendant never had the Plaintiff's expressed consent for placement of telephone calls to her aforementioned cellular telephones by the use of an ATDS or a pre-recorded or artificial voice.

84. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

85. Defendant violated the TCPA and FCCPA with respect to the Plaintiff.

86. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

87. Plaintiff incorporates Paragraphs one (1) through eighty-six (86).

88. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

89. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephones after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

90. Defendant, Santander Consumer USA, Inc., repeatedly placed non-emergency telephone calls to the wireless telephone numbers of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

91. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

92. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Santander Consumer USA, Inc., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

93. Plaintiff incorporates Paragraphs one (1) through eighty-six (86).

94. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

95. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

96. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

97. Defendant has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

98. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## COUNT III
### (Invasion of Privacy – Intrusion Upon Seclusion)

99. Plaintiff incorporates Paragraphs one (1) through eighty-six (86).

100. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

101. All of the calls made to Plaintiff's cell phones by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

102. Defendant's persistent autodialed calls to both her cellular phone and her minor daughter's cellular phone eliminated Plaintiff's right to be left alone.

103. Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

104. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phones.

105. By calling both her cellular phones, Plaintiff had no escape from these collection calls either in her home or when she left the home.

106. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

107. Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to both her cellular phones after requests to stop is highly offensive to a reasonable person.

108. Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

109. As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
**(Intentional Infliction of Emotional Distress)**

110. Plaintiff incorporates Paragraph one (1) through eighty-six (86).

111. The harassing and abusive conduct, including the repetitive robocalls to Plaintiff, have caused severe emotional harm and distress, embarrassment, aggravation, and other losses.

112. It is beyond the pale of decency to robocall anybody 600 times.

113. The damage to the Plaintiff was and is immense. The Plaintiff had a stunned sense of helplessness because she could not stop the calls despite requesting to Defendant that she wanted the harassing robocalls to end.

114. To call somebody this amount of time is inhumane.

115. It is utterly uncivilized to robocall someone 600 times.

116. If a person called another person 600 times, the caller would most likely be in prison for criminal harassment.

117. This is especially true if the caller continued to make the calls after being told to stop and never had permission to call in the first place.

118. The calls to Plaintiff by Defendant are harassing, aggravating and highly intrusive.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for punitive damages and such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

*Amanda J. Allen, Esq.*
**Amanda J. Allen, Esquire**
Florida Bar No. 0098228
William Peerce Howard, Esquire
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
***Attorney for Plaintiff***